## JOHN R. LAMBERT *v.* GEORGE SMITH.

**Conversion of Personal Property—Pleading—Evidence.**

    In a suit charging that the defendant wrongfully took possession of plaintiff's horse and refused to deliver the same to the plaintiff, although demand was made, the defendant, under a general denial, cannot by the evidence make defense of confession and avoidance.

APPEAL FROM HENDERSON CIRCUIT COURT.

May 6, 1876.

OPINION BY JUDGE COFER:

It was alleged in the petition that the defendant "wrongfully, without right, took possession" of the plaintiff's horse, and had "failed and refused to deliver the same to the plaintiff, although due demand had been made therefor." These allegations being undenied, the conversion of the horse stood confessed on the pleadings. These allegations being confessed, the denial that the defendant wrongfully and without right converted the horse to his own use, presented no defense whatever to the action.

But if the answer be conceded to contain a traverse of all the material allegations in the petition, the result would be the same. The evidence shows without contradiction that the defendant took possession of the horse without the consent of the plaintiff, and that while in the former's possession the horse was killed.

The defendant attempted to show by the evidence that the horse was trespassing upon his premises, and that he took possession of him merely for the purpose of restraining him from committing other depredations until the plaintiff could be informed of the fact and come and take him away. In other words, he sought to prove that his possession was lawful, and then insisted that being lawfully in possession he was only liable in the event the horse was killed in consequence of his negligence.

This defense could not be made under an answer which contained only denials of the allegations in the petition. The answer, if good at all, was a simple denial of the facts constituting the plaintiff's cause of action; but the defense attempted to be made out by the evidence was of confession and avoidance.

To admit such a defense under such an answer would be totally to disregard the rules of pleading and practice, and thereby to deprive the plaintiff of the advantage of being informed by the answer of the facts upon which the defendant intended to rely. The plaintiff had a right to look to the answer; and when he found no attempt to make any other defense than a mere denial of the facts alleged, he had a right to assume that he would only be required to prove those facts, and would naturally be surprised by, and totally unprepared to meet the evidence offered, not to disprove, but to avoid the facts he had alleged.

It results, therefore, that, even conceding the answer was sufficient to bar the action, the court did not err in refusing to give instructions based on evidence offered in avoidance of the plaintiff's cause of action.

Judgment *affirmed.*

*Clay & Coleman, for appellant.   H. F. Turner, for appellee.*